## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **INTERNATIONAL IP HOLDINGS, LLC,** a Michigan limited liability company**,** and **INNOVATION VENTURES, LLC,** a Michigan limited liability company**,** | |
| | **Case No. 19-cv-11081** |
| *Plaintiffs,* | |
| | *INJUNCTIVE RELIEF REQUESTED* |
| **v.** | |
| | *JURY TRIAL DEMANDED* |
| **21ST CENTURY BRANDS DISTRIBUTING LLC d/b/a E6 ENERGY,** a Delaware limited liability company, **PRIME TIME INTERNATIONAL DISTRIBUTING INC. d/b/a PRIME TIME INTERNATIONAL COMPANY**, a Wyoming Corporation, and **FORWARD CORPORATION,** a Michigan corporation, | |
| *Defendants*. | |

## PLAINTIFFS INTERNATIONAL IP HOLDINGS, LLC AND INNOVATION VENTURES, LLC'S COMPLAINT



## I.   PARTIES

1.     Plaintiff International IP Holdings, LLC ("IIPH") is a Michigan limited liability company located in Bloomfield Hills, Michigan. IIPH is the owner of the intellectual property asserted against Defendant in this action.

2.     Plaintiff Innovation Ventures, LLC ("Innovation Ventures") (IIPH and Innovation Ventures collectively "Plaintiffs") is a Michigan limited liability company with its principal place of business in Farmington Hills, Michigan. Innovation Ventures is the exclusive licensee of the intellectual property rights asserted against Defendants in this action.

3.     Upon information and belief, Defendants 21st Century Brands Distributing, LLC d/b/a E6 Energy ("21 Century") is a Delaware limited liability company, having its principle office in Phoenix, Arizona.

4.     Upon information and belief, Prime Time International Distributing Inc. d/b/a Prime Time International Company ("Prime Time") is a Wyoming corporation, having its principle office in Phoenix, Arizona.

5.     Upon information and belief, Forward Corporation ("Forward") is a Michigan corporation, having its principle office in Standish, Michigan (21 Century, Prime Time, and Forward collectively "Defendants").



1

## II.  JURISDICTION AND VENUE

6.      This Complaint includes the following claims under federal law: (1) trademark infringement under 15 U.S.C. § 1114, (2) false and misleading descriptions and designations of affiliation, connection, association, origin, sponsorship, and approval under 15 U.S.C. § 1125(a)(1)(A); (3) common law trademark infringement, (4) indirect trademark infringement; and (5) dilution under 15 U.S.C. § 1125(c).

7.      This Complaint includes the following claim under Michigan law: unfair competition under MCL § 445.903.

8.      This Court has federal question subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 15 U.S.C. § 1121.

9.      This Court has supplementary subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as the claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution.

10.     This Court has general personal jurisdiction over Forward as it is a Michigan corporation with a principal place of business is in Michigan.

11.     This Court has specific personal jurisdiction over Defendants, because, as described more thoroughly herein, they have purposefully availed themselves



2

to, and enjoy the benefits of, the laws of Michigan, they have had sufficient minimum contacts with the State of Michigan and this District, this action arises out of these contacts, and exercising jurisdiction over the Defendants would be reasonable and comport with the requirements of due process.

12.    Exercise of jurisdiction over Defendants is proper under MCL § 600.705 as they each: (a) transact business within Michigan; (b) have done and caused an act to be done and consequence to occur in Michigan in an action for tort; (c) own, use, and possess personal property within Michigan; and (d) entered into one or more contracts for services to be rendered and for materials to be furnished in Michigan.

13.    Venue is proper under 28 U.S.C. § 1391.

### III.   FACTS COMMON TO ALL COUNTS

### A.   Asserted Intellectual Property

14. Plaintiffs own and possess full legal rights to enforce a family of trademarks (hereinafter "5-HOUR ENERGY Trademarks") that are used in connection with the marketing and sale of 5-HOUR ENERGY® branded products. Many of the 5-HOUR ENERGY Trademarks have received federal registration, including, but not limited to, the following registrations:



| Mark | Registration No. | Registration Date | Class of Goods |
|---|---|---|---|
| 5-HOUR ENERGY | 4,004,225 | Aug. 2, 2011 | (Class 5) Dietary supplements; <br><br> (Class 32) energy shots, namely, energy drinks |
| *5-hour ENERGY* | 4,104,670 | Feb. 28, 2012 | (Class 5) Dietary supplements; <br><br> (Class 32) Non-alcoholic drinks, namely, energy drinks |
| *5-hour ENERGY* (oval logo) | 4,134,079 | May 1, 2012 | (Class 5) Dietary supplements; <br><br> (Class 32) (Non-alcoholic drinks, namely, energy shots |
| *5-hour ENERGY* (sunset design) | 4,120,360 | Apr. 3, 2012 | (Class 5) Dietary supplements; <br><br> (Class 32) Non-alcoholic drinks, namely, energy shots |
| *5-hour ENERGY EXTRA STRENGTH* | 4,116,951 | Mar. 27, 2012 | (Class 5) Dietary supplements; <br><br> (Class 32) Non-alcoholic drinks, namely, energy shots |
| *5-hour ENERGY* (sunrise design) | 4,120,361 | Apr. 3, 2012 | (Class 5) Dietary supplements; <br><br> (Class 32) Non-alcoholic drinks, namely, energy shots |



15.   The foregoing trademark registrations are all current, in full force and effect, and related to trademarks that are inherently distinctive or have become distinctive through acquisition of secondary meaning. Additionally, the foregoing trademarks are famous marks as contemplated by 15 U.S.C. § 1125(c).

16.   As previously explained by the United States Circuit Court for the Sixth Circuit in *Innovation Ventures, LLC v. N.V.E., Inc.*, 694 F.3d 723, 730 (6th Cir. 2012), 5-HOUR ENERGY® is a suggestive mark.

17.   The 5-HOUR ENERGY Trademarks are incontestable and conclusively valid.

18.   Plaintiffs use the 5-HOUR ENERGY Trademarks in connection with advertising, distribution, and sale of various products including, 5-HOUR ENERGY® branded dietary supplements that are commonly categorized as "liquid energy shots" ("5-HOUR ENERGY Products").

19.   Plaintiffs have devoted significant time, effort, and resources to create consumer recognition by developing, advertising, and promoting their 5-HOUR ENERGY Products.

20.   The 5-HOUR ENERGY Products are extensively and widely advertised through various media outlets, including network and cable television, radio, the internet, and traditional print. Since their introduction, the 5-HOUR ENERGY Products have received extensive news coverage by national, regional,



and local print and broadcast media. Indeed, in 2009, Advertising Age Magazine recognized 5-HOUR ENERGY as one of *America's Hottest Brands*.

21.   As a result of Plaintiffs' efforts, the 5-HOUR ENERGY Products have defined the liquid energy shot market and are known within the industry for being of the highest quality. As the best-known liquid energy shot on the market, 5-HOUR ENERGY Products are sold in over 100,000 locations throughout the United States. Moreover, since the first sale in 2004, billions of 5-HOUR ENERGY Products have been sold in the United States.

22.   As a result of Plaintiffs' efforts, they have accumulated considerable goodwill in their distinctive and famous 5-HOUR ENERGY Trademarks.

23.   As a result of continuous use, ubiquitous promotion, and extensive sales, Plaintiffs' 5-HOUR ENERGY Trademarks enjoy substantial recognition, fame, and notoriety throughout the United States and are recognized by the general and consuming public as emanating from Plaintiffs.

24.   Plaintiffs have consistently used their registered Trademarks in conjunction with the letter R enclosed by a circle and/or other indicia sufficient to provide notice of registration.



25.   Examples of Plaintiffs' 5-HOUR ENERGY Products are shown below:

     

     

 



**B.   Defendants' Infringing Products and Activities**

26.    Defendants market, manufactures, distributes, offers for sale, sells, advertises, and promote liquid energy shots and in commerce ("Defendants' Products").

27.    In connection with Defendants' Products, Defendants use words, terms, names, symbols, devices, and/or combinations, including 6-HOUR ENERGY and 6-HR ENERGY, that infringe upon and are confusingly similar to Plaintiffs' 5-HOUR ENERGY Trademarks.

28.    On information and belief, Defendants have also induced others to market, manufacture, distribute, offer for sale, sell, advertise, and promote liquid energy shots in commerce in connection with products and/or containers thereof that infringe upon and are confusingly similar to Plaintiffs' 5-HOUR ENERGY Trademarks.

29.    Defendants' activities constitute false designation of origin, false or misleading description of fact, and/or false or misleading representations of fact.



8

30.    Examples of Defendants' infringing and misleading activities are shown below:



31.    In a number of cases, courts and juries have consistently found that similar marks infringed Plaintiffs' Trademarks: (1) "6 HOUR ENERGY", *Innovation Ventures, LLC v. N2G Distrib.*, Case No. 08-CV-10983 (E.D. Mich.); and (2) "6 HOUR POWER", *Innovation Ventures, LLC v. N.V.E., Inc.*, Case No. 08-11867 (E.D. Mich.).



9

32. On information and belief, Defendants are aware of Plaintiffs' 5-HOUR ENERGY Products and Trademarks.

33. On information and belief, Defendants' engaged in their infringing and misleading activities with actual knowledge and notice of Plaintiffs' 5-HOUR ENERGY Trademarks with the willful intent to cause confusion, cause mistake, and to deceive the public, consumers, and businesses as to the affiliation, connection, or association between Defendants' Products and Plaintiffs.

34. Defendants do not have, and never had, consent, license, approval or other authorization to use Plaintiffs' 5-HOUR ENERGY Trademarks in any manner.

## IV.  CLAIMS FOR RELIEF

### A.  Count I: Trademark Infringement under 15 U.S.C. § 1114

35. Plaintiffs repeat and re-allege the allegations of paragraphs 1–34 as if fully set forth herein.

36. Plaintiffs own and possess full legal right to enforce the 5-HOUR ENERGY trademark with U.S. Registration No. 4,005,225, which is valid, registered, and uncontestable.  A copy of the Certificate of Registration is attached hereto as Exhibit A.

37. Defendants' infringing activities, including those described herein, constitute willful infringement of Plaintiffs' exclusive rights in the 5-HOUR



ENERGY trademark with U.S. Registration No. 4,005,225 in violation of federal trademark laws, including 15 U.S.C. § 1114.

38.    As willfully intended, Defendants' use of copies, reproductions, and colorable imitations of the 5-HOUR ENERGY trademark with U.S. Registration No. 4,005,225 is likely to cause, has caused, and continues to cause confusion, mistake, and deception concerning the source, sponsorship, or approval of Defendants' goods and services.

39.    Defendants' infringing activities will continue unless restrained and enjoined.

40.    Defendants' infringing activities have directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

41.    Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendants' profits, and Plaintiffs' lost profits.

42.    Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.



43. Plaintiffs are entitled to have all of Defendants' infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.

## B. Count II: False and Misleading Descriptions and Designations of Affiliation, Connection, Association, Source, Sponsorship, and Approval under 15 U.S.C. § 1125(a)(1)(A)

44. Plaintiffs repeat and re-allege the allegations of paragraphs 1–43 as if fully set forth herein.

45. As willfully intended, Defendants' false, misleading, confusing, and deceptive activities, including those described herein, constitute misleading descriptions of fact that are likely to cause, have caused, and continue to cause confusion, mistake, and deception as to the affiliation, connection, association, source, sponsorship, and approval of Defendants' goods or commercial activities.

46. Defendants' false, misleading, confusing, and deceptive activities will likely continue unless restrained and enjoined.

47. Defendants' false, misleading, confusing, and deceptive activities have directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

48. Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary



damages, aggravated damages, restitutionary damages, nominal damages, Defendants' profits, and Plaintiffs' lost profits.

49.    Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

50.    Plaintiffs are entitled to have Defendants' infringing products and all related false, misleading, confusing, and/or deceptive materials delivered up and destroyed.

## C.    Count III: Common Law Trademark Infringement

51.    Plaintiffs repeat and re-allege the allegations of paragraphs 1–50 as if fully set forth herein.

52.    Plaintiffs were the first to use their 5-HOUR ENERGY Trademarks on a 2-ounce liquid shot product in commerce.

53.    Plaintiffs have continuously used their Trademarks in commerce since their respective first uses.

54.    As a result of continuous and notorious use, Plaintiffs' Trademarks have become widely known and recognized by the public mind as a source identifier of Plaintiffs' products, have acquired immense good will, and are strongly associated with a reputation for quality and performance.



55.     As willfully intended, Defendants' use of copies, reproductions, and colorable imitations of the 5-HOUR ENERGY Trademarks are likely to cause, have caused, and continue to cause confusion, mistake, and deception concerning the source, sponsorship, and approval of Defendants' products and services.

56.     Defendants' infringing activities will likely continue unless restrained and enjoined.

57.     Defendants' infringing activities have directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

58.     Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendants' profits, and Plaintiffs' lost profits.

59.     Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

60.     Plaintiffs are entitled to have Defendants' infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.



14

## D.   Count IV: Indirect Trademark Infringement

61.     Plaintiffs repeat and re-allege the allegations of paragraphs 1–60 as if fully set forth herein.

62.     Defendants have induced others to use, contributed to others' use of, and directed others under Defendants' control to use words, terms, names, symbols, devices, and/or combinations thereof in connection with goods and containers for goods in commerce that are likely to cause, have caused, and continue to cause confusion, mistake, and deception as to the affiliation, connection, association, source, sponsorship, and approval of Defendants' goods and commercial activities.

63.     As willfully intended, Defendants' actions sufficiently and necessarily caused and are continuing to cause others to directly infringe Plaintiffs' 5-HOUR ENERGY Trademarks.

64.     Defendants' indirect infringement is likely to continue unless restrained and enjoined.

65.     Defendants' indirect infringement has directly and proximately caused and continues to cause irreparable injury and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.



15

66.     Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendants' profits, and Plaintiffs' lost profits.

67.     Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

68.     Plaintiffs are entitled to have Defendants' infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.

## E.   Count V: Dilution under 15 U.S.C. § 1125(c)

69.     Plaintiffs repeat and re-allege the allegations of paragraphs 1–68 as if fully set forth herein.

70.     As willfully intended, Defendants' activities are likely to dilute, have diluted, and continue to dilute Plaintiffs' 5-HOUR ENERGY Trademarks by "blurring", as Defendants' activities are likely to cause, have caused, and continue to cause an association arising from the similarity between Defendants' Products and marks with Plaintiffs' 5-HOUR ENERGY Products and Trademarks, which impairs the 5-HOUR ENERGY Trademarks' distinctiveness and notoriety.



16

71. As willfully intended, Defendants' activities are likely to dilute, have diluted, and continue to dilute Plaintiffs' 5-HOUR ENERGY Trademarks by "tarnishment", as Defendants activities are likely to cause, have caused, and are causing an association between Defendants' Products and Plaintiffs' 5-HOUR ENERGY Trademarks, which harms and tarnishes the 5-HOUR ENERGY Trademarks, including the 5-HOUR ENERGY trademark with U.S. Registration No. 4,004,225.

72. Defendants' dilutive activities will likely continue unless restrained and enjoined.

73. Defendants' dilutive activities directly and proximately caused and continue to cause irreparable and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

74. Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendants' profits, and Plaintiffs' lost profits.

75. Monetary damages and other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable



relief, including preliminary and permanent injunctive relief. Nevertheless, Plaintiff is entitled to an injunction under 15 U.S.C. § 1125(c)(5).

76.    Plaintiffs are entitled to have Defendants' infringing products and all related materials likely to cause confusion, mistake, and/or deception delivered up and destroyed.

## F.  Count VI: Unfair Competition under MCL § 445.903

77.    Plaintiffs repeat and re-allege the allegations of paragraphs 1–76 as if fully set forth herein.

78.    As willfully intended, Defendants have engaged in unfair, unconscionable, and deceptive acts and practices, including those described herein, in the conduct of trade and commerce that have a probability of confusion and misunderstanding as to the source, sponsorship, approval, and certification of Defendants' Products.

79.    Defendants' unfair, unconscionable, and deceptive acts will continue unless restrained and enjoined.

80.    Plaintiffs are entitled to compensatory damages, including expectation and consequential, non-pecuniary damages, pecuniary damages, exemplary damages, aggravated damages, restitutionary damages, nominal damages, Defendants' profits, and Plaintiffs' lost profits.



81.     Defendants' unfair, unconscionable, and deceptive acts have directly and proximately caused and continue to cause irreparable injury and economic injury to Plaintiffs, including loss of good will, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

82.     Monetary damages and/or other remedies at law are insufficient to fully compensate Plaintiffs for their injuries, and Plaintiffs are entitled to equitable relief, including preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

A.     A determination that Defendants have infringed Plaintiffs' 5-HOUR ENERGY trademark with U.S. Registration No. 4,004,225 in violation of 15 U.S.C. § 1114, Defendants' infringement was willful, Plaintiffs have been damaged by infringement, and Defendants are liable to Plaintiffs for such infringement;

B.     A determination that Defendants have violated 15 U.S.C. § 1125(a)(1)(A), Defendants' violation was willful, Plaintiffs have been damaged by such violation, and Defendants are liable to Plaintiffs for such violation;

C.     A determination that Defendants have infringed Plaintiffs' 5-HOUR ENERGY Trademarks under common law, Defendants' infringement was



19

willful, Plaintiffs have been damaged by such violation, and Defendants are liable to Plaintiffs for such infringement;

       D.     A determination that Defendants have indirectly infringed Plaintiffs' Trademarks by inducing others to infringe, contributing to others' infringement of, and directing others under their control to infringe Plaintiffs' 5-HOUR ENERGY Trademarks, Defendants' indirect infringement was willful, Plaintiffs have been damaged, and Defendants are liable to Plaintiffs for such indirect infringement;

       E.     A determination that Defendants have violated 15 U.S.C. § 1125(c), Defendants' violation was willful, Plaintiffs have been damaged by such violation, and Defendants are liable to Plaintiffs for such violation;

       F.     A determination that Defendants violated MCL § 445.903, Defendants' violation was willful, Plaintiffs have been damages by such violation, and Defendants are liable to Plaintiffs for such violation;

       G.     An award of damages sufficient to compensate Plaintiffs for their injuries or, alternatively, an award equal to Defendants' wrongfully obtained profits, whichever is greater;

       H.     An award trebling damages or, alternatively, trebling Defendants' wrongfully obtained profits, whichever is greater, plus Plaintiffs' attorneys' fees and costs, pursuant to 15 U.S.C. § 1117;



I. A declaration that this case is an exceptional case and an award of attorneys' fees;

J. An award of Plaintiffs' taxable costs of this civil action, including interest;

K. An award of any additional costs and disbursements incurred as a result of bringing this action;

L. Under all claims for relief, a preliminary and permanent injunction that enjoins Defendants, their officers, employees, agents, successors and assignees, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

1. using, inducing others to use, contributing to others' use of, or directing others to use any simulation, copy, reproduction, or colorable imitation of the 5-HOUR ENERGY Trademarks, including 6-HOUR ENERGY and 6-HR ENERGY, in connection with liquid energy shots without Plaintiffs' express authorization;

2. importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product or services using any simulation, copy, reproduction, or colorable imitation of the 5-HOUR ENERGY Trademarks, or inducing others to, contributing to



21

others' doing, or directing others to do the same, without Plaintiffs' express authorization; and

    3.  using, inducing others to use, contributing to others' use of, or directing others to use any false designation of origin or false description (including, without limitation, any letters, symbols, or designs infringing or encroaching upon Plaintiffs' Trademarks) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants are in any manner associated with Plaintiffs or Plaintiffs' 5-HOUR ENERGY Trademarks, or any other product sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs.

    M. Defendants be ordered to:

    1.  file with the Court and serve upon the Plaintiffs, within thirty (30) days after the service of the injunction upon Defendants, a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction and judgment entered pursuant to this Complaint;

    2.  deliver for destruction all products, labels, tags, signs, prints, packages, videos, advertisements, in their possession or under their control, bearing or using 6-HOUR ENERGY and 6-HR ENERGY or any other simulation,



22

reproduction, or colorable imitation of Plaintiffs' marks, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

3.      file with the Court and provide to Plaintiffs an accounting of all sales and profits realized by Defendants for liquid shot products; and

4.      permit Plaintiffs, and/or auditors employed or contracted by Plaintiffs, to audit and inspect the books, records, and premises of Defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of Defendants' past use of Plaintiffs' intellectual property.

N.      Any such other, further, and additional relief that may be considered just and equitable based on the facts and allegations contained herein or appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is manufactured, distributed, authorized, sponsored, approved, or associated with Plaintiffs or Plaintiffs' Marks.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a jury trial on all issues triable by a jury.



Respectfully submitted,

**BROOKS KUSHMAN P.C.**

 /s/ Marc Lorelli
MARC LORELLI (P63156)
ALAN J. GOCHA (P80972)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
Email:  agocha@brookskushman.com

*Attorneys for Plaintiffs*

Dated:  April 15, 2019

